NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1216

CONCORD MADISON WOBURN LLC

vs.

KELECHI LINARDON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff filed a summary process action seeking to regain possession of a hotel room occupied by the defendant. After the defendant failed to appear at the first-tier court event, a default judgment entered against her.  The defendant filed a motion to vacate the default judgment, which a Housing Court judge denied on October 17, 2024, after the defendant failed to appear at the hearing on the motion.  The defendant appeals from that order.[1]

At the outset we must address the plaintiff's motion to dismiss the appeal as moot.  The motion represents that the

---

[1] The defendant also appeals from an order dated October 11, 2024, scheduling a virtual hearing on her motion to vacate.

defendant vacated the premises on December 16, 2024, and that the plaintiff now has possession. According to the plaintiff, this renders the appeal moot because possession was the sole relief requested by either party below. But although the defendant did not file a response to the plaintiff's motion, we note that she asserted several counterclaims in which she requested damages. As those counterclaims do not appear to have been mooted by the defendant's vacating the premises, we will address the merits.

We construe the defendant's brief to be arguing that the judge erred by not granting a continuance of the hearing on her motion to vacate the default judgment. At several points in her brief, the defendant claims that the judge denied her request for a continuance even though she submitted "medical documentation" establishing the need for an accommodation. But the defendant's brief is devoid of any citation to the record, and there is no such medical documentation in the record appendix. Her argument fails for this reason alone. See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019); Mass. R. A. P. 18 (a) (1), as appearing in 481 Mass. 1637 (2019).

Furthermore, based on the record materials that the defendant has submitted to us, it appears that she requested an accommodation in the form of "a 2:00 pm virtual hearing" and

2

that the judge allowed that request in an order dated October 11, 2024, stating that he would "conduct the motion hearing on 10/17/24 at 2:00 pm virtually as a courtesy accommodation to the unsupported request."  The judge further stated that "[a]ny further accommodation may only be made by submitting a letter from a healthcare provider, on letterhead, under oath, explaining the diagnosis and nexus to the accommodation."  This suggests that, contrary to the defendant's unsupported assertions on appeal, she did not submit medical documentation to the judge in support of her request for an accommodation.  In short, we discern no abuse of discretion in the judge's decision not to continue the hearing, to the extent the defendant requested that relief.  See Botsaris v. Botsaris, 26 Mass. App. Ct. 254, 256 (1988) (whether to grant continuance is in discretion of judge).

The remaining issues raised by the defendant, as we understand them, are not relevant to whether the judge erred in declining to vacate the default judgment.  These include the defendant's arguments that the judge should have allowed her motion for a change of venue and her motion to dismiss the complaint because the plaintiff is an improper party.  To the extent we have not specifically addressed any of the defendant's arguments, we see nothing in them that warrants relief.

In its motion to dismiss, the plaintiff has requested that we "order that no court of this Commonwealth accept any further filing from [the defendant] concerning this dispute" without preauthorization.  That request is denied, as the plaintiff has cited no case supporting the proposition that a panel of this court would have authority to award such relief.

October 11, 2024 order
  scheduling virtual motion
  hearing affirmed.

October 17, 2024 order
  denying motion to vacate
  default judgment affirmed.

By the Court (Desmond, Shin & Walsh, JJ.[2]),

*Paul Little*

Clerk

Entered: December 5, 2025.

---

[2] The panelists are listed in order of seniority.

4